IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:10cv025

| | |
|---|---|
| JOHN WILLIAM DIETZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the parties' Assented to Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. 18].

Sentence Four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, Defendant asks that the Administrative Law Judge ("ALJ") be instructed to further consider Plaintiff's maximum residual

functional capacity. In so doing, the ALJ should consider the additional evidence associated with the subsequent allowance; address and evaluate the August 14, 2007 medical opinion by NCDHHS and the March 2001 hearing decision by the Social Security Administration; and obtain medical expert evidence on the nature and severity of Plaintiff's neurological impairments to clarify Plaintiff's associated functional limitations.

Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that parties' Assented to Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 18] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Administrative Law Judge ("ALJ") shall be instructed to further consider Plaintiff's maximum residual functional capacity. In so doing, the ALJ shall consider the additional evidence associated with the subsequent allowance; address and evaluate the August 14, 2007 medical opinion by NCDHHS and the

2

March 2001 hearing decision by the Social Security Administration; and obtain medical expert evidence on the nature and severity of Plaintiff's neurological impairments to clarify Plaintiff's associated functional limitations.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: August 10, 2011

Martin Reidinger
United States District Judge