IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:10cv25

| | |
|---|---|
| JOHN WILLIAM DEITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 22] and this Court's Order of even date allowing Defendant's Motion to Amend a prior order relating to Plaintiff's Motion.

## I. PROCEDURAL HISTORY

The Plaintiff John William Deitz initiated this action on October 13, 2010, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on January 27, 2011. [Doc. 7]. Thereafter, the Plaintiff filed a motion for judgment on the

pleadings based on the administrative record. [Doc. 13]. The Government in response consented to remand. [Doc. 18]. On August 10, 2011, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 20].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $5,064.27. Plaintiff includes an assignment of said fees to his counsel. In response, the Government consents to an award of $5,064.27, provided that this is the only motion filed by the Plaintiff in this case pursuant to the EAJA, and will honor the assignment if an award is not exhausted by application of the Treasury offset rules. [Doc. 23].

**II. ANALYSIS**

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v.

Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. The parties have agreed that the Plaintiff should be awarded a total of $5,064.27 in attorney's fees. In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and for 2010 annualized, as well as affidavits and billing records detailing the hours claimed by counsel in preparing this case. [Docs. 22-1, 22-2].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine

what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established. The CPI-U for the nearest date to August 2011, the date of the Court's Judgment remanding this case, that has been published was 225.922 in July, 2011. This progression reflects an increase of 45.10%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services

4

charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $181.38.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys is reasonable. Based upon a reasonable hourly rate of $181.38 per hour for 29 attorney hours spent, the Court concludes that a recalculated fee of $5,260.02 is justified.

The Plaintiff requests that the fee award be paid directly to his attorney. In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which he is entitled to his attorneys. [Doc. 22-3].

Recently, a split[1] among the federal circuits as to whether EAJA fees may be awarded directly to a prevailing party's attorney was resolved by

---

[1] The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

the U.S. Supreme Court in Astrue v. Ratliff, 130 S.Ct. 2521, 2010 WL 2346547 (June 14, 2010). It may not; the unanimous Court clarified that the "prevailing party" entitled to benefits under the EAJA is the claimant, not his attorney. Astrue at *4-7.

Defendant responds to this aspect of Plaintiff's motion with the pledge to "determine within 30 days whether Plaintiff owes a debt to the United States," to first satisfy any debt found, and if none is found, to exercise its discretion and honor the assignment of EAJA fees," paying the awarded fees directly to Plaintiff's counsel. Under the reasoning articulated in this Court's recent EAJA orders involving fee assignments,[2] this pledge sufficiently harmonizes Plaintiff's request to honor his assignment with the ruling in Ratliff.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 22] is hereby **GRANTED** and:

---

[2] *E.g.*, McDonald v. Astrue, 2:09cv27, November 22, 2010, Sneed v. Astrue, 1:07cv334, 1:07-cv-00334, December 16, 2010,

(1) The Plaintiff is hereby awarded $5,260.02 for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) Defendant shall inform Plaintiff's counsel whether Plaintiff does owe a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

(3) Within 120 days from the entry of this Order, Defendant shall distribute the sums awarded herein in the manner set out in his Response. [Doc. 23]. Extensions to this deadline may be granted for good cause shown.

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: September 16, 2011

Martin Reidinger
United States District Judge